# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5320 | **DATE** | 9/27/2000 |
| **CASE TITLE** | EEOC vs. Ceres Terminals, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: EEOC's motion for summary judgment dismissing Ceres' second affirmative defense is granted and the EEOC's motion dismissing Local 19's affirmative defense No. 6 and ILA's affirmative defense No. 4 to the extent that they allege that the actions taken were pursuant to a bona fide seniority system is also granted. The Court further grants the EEOC's motion for summary judgment on the Local 19's and the ILA's second affirmative defenses.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | **SEP 2 8 2000** date docketed | | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 52 |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | FILED FOR DOCKETING 00 SEP 27 PM 2:01 | date mailed notice | |
| | | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

SEP 27 2000

Judge Harry D. Leinenweber
U.S. District Court

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.

CERES TERMINALS, INC., FEDERAL
MARINE TERMINALS, INC.,
INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION ("ILA"), LOCAL 19
OF THE ILA, and GREAT LAKES
DISTRICT OF THE ILA,

    Defendants.

Case No. 99 C 5320

Judge Harry D. Leinenweber

DOCKETED

SEP 28 2000

## MEMORANDUM OPINION AND ORDER

Before the Court is an action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* (the "ADEA") brought by the Equal Employment Opportunity Commission ("EEOC") against an employer, Ceres Terminals, Inc. ("Ceres"), and two unions, the International Longshoremen's Association ("ILA"), and Local 19 of the ILA. The EEOC has moved for partial summary judgment on the "seniority system" and "failure to exhaust" defenses. For the following reasons, the Court grants the EEOC's motion.

### BACKGROUND

The following facts are taken from the parties' Local Rule 56.1 submissions and are undisputed, unless specifically

52

stated otherwise. Ceres entered into a Collective Bargaining Agreement ("1998 CBA") with the International Longshoreman's Association, Local 19 effective January 1, 1998 through December 21, 2001. (EEOC Stmt. ¶ 1). While the parties agree that the President of Local 19 testified that the 1998 CBA was not "distributed generally" to the members of Local 19 until after September 3, 1998, the Defendants deny that the individual claimants did not have knowledge of the 1998 CBA prior to that time. (See ILA, Local 19 and Ceres' Responses to ¶ 7).

Article III of the 1998 CBA covers seniority and Section F, titled "Break in Seniority," states:

> The seniority of any employee shall be broken and/or forfeited in the event they:
>
> 1. Voluntary quit, retire, or is terminated [sic]; or
>
> 2. Fails to work in the industry at least five hundred (500) hours in any fiscal year, unless such failure is allowable under the standards specified in this Article.
>
> 3. Receives a Pension from the Marine Terminal and Welfare Fund.

(1998 CBA, Article III F, Exhibit A to EEOC's Stmt.). Further, Article III E of the 1998 CBA, entitled "Seniority Board and Arbitration," states that "[a]ny dispute concerning or arising out of the terms and conditions of this Article, or a dispute involving the interpretation or application of this Article or arising out of

any rule adopted for its implementation, shall be referred to the Seniority Board." (1998 CBA, Article III E. 1).

The 1998 CBA also has an article called "Settlement of Disputes" that contains grievance procedures and defines a grievance as "any dispute or difference between an employee or the Union and an Employer involving the meaning and/or application of the terms of this Agreement." (1998 CBA, Article IX, B). The grievance procedure provides for a three step process, and it permits any party who is not satisfied with the grievance settlement to appeal to arbitration. (1998 CBA, Article IX, B).

The Tax Reform Act of 1986 amended the Internal Revenue Code to provide that payments under qualified pension plans must be distributed starting April 1 of the calender year following the year in which the employee reaches the age 70.5 or retires. 26 U.S.C. § 401(a)(9)(A) and (C). It thus allowed employees who were age 70.5 or older to continue to work and receive pension benefits.

In its Complaint, the EEOC alleges that for about a four-month period, from about April 27, 1998 through about September 3, 1998, the Defendants refused to recognize the seniority of a group working longshoremen over age 70.5 based on Article III F. 3 of the 1998 CBA. These longshoremen, who were receiving a pension,

forfeited their seniority according to Article III F. 3. The EEOC alleges that because work was assigned based on seniority, the employment opportunities of those longshoremen were limited based on their age.

The EEOC moved for summary judgment dismissing Ceres' second affirmative defense, which alleges that Article III F. 3 of the 1988 CBA is "a component of a bona fide seniority system under Section 623(f)(2) of the ADEA." The EEOC also moved for summary judgment on Local 19's affirmative defense No. 6 and ILA's affirmative defense No. 4 to the extent that they allege that the actions taken were pursuant to a *bona fide* seniority system. The EEOC further moved for summary judgment on Local 19's and the ILA's second affirmative defense that the employees failed to exhaust their administrative remedies.

## DISCUSSION

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In determining whether a genuine issue of material fact exists, the

Court construes all facts in the light most favorable to the non-moving party and draws all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

"The standard governing summary judgment is clear: '[I]f no rational jury could, on the evidence presented in the summary judgment proceeding, bring in a verdict for the party opposing summary judgment . . . then summary judgment must be granted.'" *Oates v. Discovery Zone*, 116 F.3d 1161, 1175 (7th Cir. 1997) (citing *Visser v. Packer Engineering Associates, Inc.*, 924 F.2d 655, 660 (7th Cir. 1991)). The non-movant has to produce more than a scintilla of evidence in support of its position. *See Anderson*, 477 U.S. at 252.

### The "Seniority System" Affirmative Defense

The EEOC moved for summary judgment seeking dismissal of Ceres' affirmative defense that the provision in Article III F. 3 is a component of a *bona fide* seniority system. The EEOC argues that Article III F. 3 is not a component of a *bona fide* seniority system under § 623(f)(2) of the ADEA and that forfeiture of seniority due to mandatory receipt of a pension is not a "commonly accepted" notion concerning the contours of a seniority system.

(*See* EEOC Reply, at 2-4). In response, Ceres argues that seniority systems encompass ancillary rules, specifically including those that indicate how seniority may be forfeited, and this provision is part of a *bona fide* seniority system. (*See* Ceres' Mem., at 2-5). Neither Local 19 nor the ILA responded to the EEOC's argument in their responses.

An employer may take action which is otherwise prohibited by § 623(a) to "observe the terms of a *bona fide* seniority system that is not intended to evade the purposes of [the ADEA]." 29 U.S.C. § 623(f)(2)(A). The Supreme Court has defined the term "seniority system" in the context of an exception to Title VII to mean "a scheme that, alone or in tandem with non-'seniority' criteria, allots to employees ever improving employment rights and benefits as their relative lengths of pertinent employment increase." *California Brewers Assoc. v. Bryant*, 444 U.S. 598, 605-6 (1980). The exception in Title VII is almost identical to the exception under the ADEA, and courts interpreting this section in the ADEA look to the Supreme Court's opinion in *California Brewers*. *See e.g., Hiatt v. Union Pacific Railroad Co.*, 65 F.3d 838, 842 (10th Cir. 1995).

The Supreme Court also explained that operational seniority systems have "ancillary rules that accomplish certain necessary functions" and specifically gave the example that "every seniority system must include . . . rules that specify how and when a particular person's seniority may be forfeited." *Id.* at 607. In a footnote, the Court gave an example of a forfeiture system where seniority was forfeited based on voluntary resignation, severance for cause, or nonemployment in the industry for a period of time. *Id.* at 608, fn. 18.

Ceres' claim that this provision in the 1998 CBA is a component of a *bona fide* seniority system lacks an adequate basis in law, and summary judgment on this as an affirmative defense is appropriate. In its response, Ceres relied on two cases, neither of which contains an analogous seniority provision or supports its claim.

First, in *Altman v. AT & T Technologies, Incorporated*, 870 F.2d 386 (7th Cir. 1989), the "ancillary rule" at issue permitted the employer to assign surplus active employees to work status before assigning laid-off employees to work status. *Id.* at 389. The Seventh Circuit explained that different treatment for active versus laid-off employees was not an employment rule that "depart[ed] fundamentally from commonly accepted notions concerning

the contours of a seniority system." *Id.*, citing *California Brewers*, 444 U.S. at 608. Further, *Hiatt v. Union Pacific Railroad Company*, 65 F.3d 838 (10th Cir. 1995), involved railroad workers who were required to take a mandatory promotion in which their seniority from the previous position did not carry over to the new position. The forfeiture system applied equally to all workers, and the plaintiffs conceded that they were treated no differently under the seniority system than any other workers. *Id.* at 842-43.

In the instant case, the ancillary rule states that employees who receive a pension forfeit their seniority. (1998 CBA, Article III F). Employees do not elect to collect their pension, but instead the Tax Reform Act of 1986 requires pension distribution when employees reach the age 70.5 or retire. *See* 26 U.S.C. § 401(a)(9)(A) and (C). Therefore, this provision is plainly distinguishable from the forfeiture examples articulated in *California Brewers* and from the seniority systems in both *Altman* and *Hiatt*. This provision does not treat all employees equally, but instead treats those employees over age 70.5 differently from employees below that age. The difference in treatment "departs fundamentally from commonly accepted notions concerning the

contours of a seniority system." *See California Brewers*, 444 U.S. at 608.

Therefore, the court grants the EEOC's motion for summary judgment on Ceres' affirmative defense. The Court also grants summary judgment on Local 19's affirmative defense No. 6 and ILA's affirmative defense No. 4 to the extent that those affirmative defenses allege that the actions taken were pursuant to a *bona fide* seniority system.

**The Failure to Exhaust Administrative Remedies Defense**

The EEOC moves for summary judgment on Local 19 and ILA's affirmative defenses that allege that the employees failed to exhaust their administrative remedies. Local 19 concedes that it does not contend that the employees' failure to exhaust administrative remedies is a bar to the present suit (*See* Local 19's Mem., at 2), and the ILA concedes that the employees were not required to arbitrate the merits of their ADEA claim under the 1998 CBA or required to grieve the merits of the ADEA claim pursuant to the grievance procedures in the ILA Constitution prior to bringing this suit. (*See* ILA's Mem. at 2).

Local 19 argues, instead, that evidence that the employees failed to exhaust administrative remedies, while not a requirement and not a bar to this suit, is nonetheless relevant to show that

Local 19 did not engage in wilful conduct (to negate the EEOC's liquidated damages claim) and to show that the employees did not mitigate their damages. (ILA's Mem., at 2). The Court first notes that Local 19's third affirmative defense states that "Plaintiffs have failed to mitigate their damages." (Local 19's Answer, at p. 4). Therefore, Local 19 has already asserted that Plaintiffs have failed to mitigate their damages, and they can present evidence at trial to support that defense.

Second, Local 19 is correct that the EEOC must show wilfulness to obtain liquidated damages, see *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128-29 (1985), and that it is permitted to present evidence that it was not wilful to the trier of fact. Local 19 has not, however, cited any legal authority where a failure to exhaust administrative remedies defense was proper or in any way required for a defendant to present evidence that it did not act wilfully. Since Local 19 has conceded that it is not alleging that the employees' failure to exhaust administrative remedies is a bar to the suit, the Court grants summary judgment dismissing Local 19's second affirmative defense.

The ILA wants to use the failure to exhaust administrative remedies defense in another unsupportable manner. The ILA, too, does not contend that the employees' failure to exhaust

administrative remedies bars this suit or that the employees are required to grieve the merits of their claim, but instead argues that the employees' failure to grieve or arbitrate the specific issue of whether ILA is a party to the 1998 CBA bars any action against them as a party in this suit. The ILA contends that "[w]hether the grievance procedure applies to a particular dispute is itself an arbitrable questions, which should have been submitted to the Grievance Process." (ILA's Mem., at 3). The ILA's "failure to exhaust their administrative remedies" claim is thus that the employees should have pursued administrative remedies to determine whether ILA was a party to the 1998 CBA. In effect, the ILA wants to use this defense to argue that it is not a party to the 1998 CBA, and thus is not a proper defendant in this suit.

First, the ILA has already denied that it is a party to the 1998 CBA in its answer to the Complaint. (See ILA's Answer, at ¶ 15). Second, the EEOC moved for summary judgment on the affirmative defense that the employees failed to exhaust their administrative remedies. Since the ILA has conceded that the merits of this suit are not barred by the failure to exhaust administrative remedies, the Court grants summary judgment on that ground. The Court declines to decide whether the employees could have pursued administrative remedies, as neither Local 19 or the

ILA contend that failure to do so bars the present suit. Furthermore, the Court declines to address the merits of whether the ILA is a proper party to this suit because the EEOC did not move for summary judgment on this issue, and the ILA cannot raise it in its response.

## CONCLUSION

Therefore, for the foregoing reasons, the EEOC's Motion for Summary Judgment dismissing Ceres' second affirmative defense is granted and the EEOC's motion dismissing Local 19's affirmative defense No. 6 and ILA's affirmative defense No. 4 to the extent that they allege that the actions taken were pursuant to a *bona fide* seniority system is also granted. The Court further grants the EEOC's motion for summary judgment on the Local 19's and the ILA's second affirmative defenses.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: September 27, 2000